IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff-Respondent, | § | |
| | § | |
| v. | § | Cr. No. C-03-268(1) |
| | § | C.A. No. C-05-249 |
| RIVALDO ARMENTA-MARQUEZ | § | |
| Defendant-Movant. | § | |

## ORDER DISMISSING MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE AND ORDER DENYING CERTIFICATE OF APPEALABILITY

Defendant Rivaldo Armenta-Marquez was convicted and sentenced in this Court, and judgment in his criminal case was entered on February 17, 2004. (D.E. 15). Armenta-Marquez did not appeal. Since final judgment was entered, he has filed a motion for downward departure based on alien status, which was denied by the Court in an order entered January 28, 2005. (D.E. 16, 17). On February 7, 2005, he filed a motion styled as a "Motion for Relief Based on the New Mandate and Holding of the Honorable U.S. Supreme Court" (D.E. 19), which the Court construes as a motion for relief under 28 U.S.C. § 2255 and which is addressed herein.

His motion for relief relies on the Supreme Court's recent decision in United States v. Booker, 125 S. Ct. 738 (2005). Specifically, Armenta-Marquez argues that his sentence was obtained in violation of the Sixth Amendment and asks that the Court invalidate his sentence. By order entered March 3, 2005, the Court informed Armenta-Marquez that the proper vehicle for challenging his conviction or sentence pursuant to Booker was a motion under 28 U.S.C. § 2255. (D.E. 23). It further noted that his motion was filed close to the limitations period, as calculated under § 2255 ¶6(1), and therefore the Court did not dismiss the motion. Instead, the Court ordered Armenta-Marquez to inform the Court, within forty-five days of the order's entry, as to whether he

1

Armenta-Marquez to inform the Court, within forty-five days of the order's entry, as to whether he wants his motion construed as a motion pursuant to § 2255. Additionally, the order instructed Armenta-Marquez that if he wanted to supplement his motion or to voluntarily dismiss it, he should so inform the Court within the same time-period. That forty-five day period expired on April 18, 2005. To date, the Court has not received anything from Armenta-Marquez in response to the Order.[1]

Because Armenta-Marquez has been given the warnings mandated by Castro, supra, and has not responded, and because the only avenue for the relief he seeks is a motion pursuant to § 2255, the Court hereby construes his motion for relief as a motion under § 2255. For the reasons set forth herein, The Court concludes that it is not necessary to order a government response because "it plainly appears from motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS. Armenta-Marquez's motion is subject to dismissal because he waived his right to file the claim he raises therein. For this reason, discussed in more detail below, the Court DISMISSES the motion. Additionally, the Court DENIES Armenta-Marquez a Certificate of Appealability.

## I. JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 2255.

## II. FACTS AND PROCEEDINGS

On October 8, 2003, Armenta-Marquez was charged in an indictment with knowingly and intentionally possessing with intent to distribute approximately kilograms of cocaine, in violation

---

[1] Marquez did file a motion to proceed *in forma pauperis* on March 25, 2005, however, which is addressed by separate order. (D.E. 26).

of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). (D.E. 1). On December 1, 2003, Armenta-Marquez pleaded guilty to the single-count indictment, pursuant to a written plea agreement. (D.E. 9, 10). In exchange for his guilty plea and his waiver of appellate and § 2255 rights (discussed below), the government agreed to recommend that he receive a three-level credit for acceptance of responsibility and to recommend a sentence at the low end of the guideline range. (D.E. 10).

The plea agreement contained a voluntary waiver of Armenta-Marquez's right to appeal and to file a § 2255 motion:

> Defendant is aware that Title 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. The defendant waives the right to appeal the sentence imposed or the manner in which it was determined. The defendant may appeal <u>only</u> (a) the sentence imposed above the statutory maximum; or (b) an upward departure from the Sentencing Guidelines, which had not been requested by the United States. Additionally, the defendant is aware that Title 28, U.S.C. § 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the conviction or sentence has become final. The defendant waives the right to contest his/her conviction or sentence by means of any post-conviction proceeding.

(D.E. 10 at ¶ 8)(emphasis in original).

The Court questioned Armenta-Marquez under oath at the rearraignment to ensure that his plea was voluntary and knowing and to ensure that he understood and was voluntarily relinquishing his appeal rights and right to file a § 2255 motion. According to the electronic recording of the rearraignment, after ensuring that the waiver of his appellate rights was knowing and voluntary, the Court questioned Armenta-Marquez regarding his waiver of the right to file a § 2255 motion:

> THE COURT: You're also giving up a right of a post-conviction remedy, whether or not you would ordinarily have appealed. And that's called a writ of a habeas corpus or Section 2255. You would ordinarily be able to challenge the jurisdiction of the Court, the administering of sentence, the constitutionality of the sentence and such matters as ineffective assistance of counsel. If you go forward

>today, you give up that right for the post-conviction remedy and the
>right to appeal, except in limited circumstances as to the appeal
>[listing two exceptions]. . . Do you understand that and do you
>want to go forward, Mr. Armenta-Marquez?
>
>THE DEFENDANT: Yes, Your Honor.

(Digital Recording of 12/1/03 Rearraignment at 3:50-3:52). It is clear from the foregoing that Armenta-Marquez's waiver was knowing and voluntary. See Fed. R. Crim. P. 11(b)(1)(N)(obligating court to ensure defendant understands any waiver of § 2255 rights and appellate rights prior to accepting his plea).

The Court sentenced Armenta-Marquez on February 10, 2004 to 57 months in the custody of the Bureau of Prisons, to be followed by a three-year term of supervised release, and imposed a $50 fine and a $100 special assessment. (D.E. 14, 15). Judgment of conviction and sentence was entered February 17, 2004. (D.E. 15). Consistent with his waiver of appellate rights, Armenta-Marquez did not appeal. The Clerk received Armenta-Marquez's § 2255 motion on February 7, 2005. The sole claim he asserts therein is a claim pursuant to the Supreme Court's decisions in Blakely v. Washington, 124 S. Ct. 2531 (2004) and United States v. Booker, 125 S. Ct. 738 (2005).

### III. DISCUSSION

#### A. 28 U.S.C. § 2255

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that

could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992). "[A] collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165, 102 S. Ct. 1584, 1593 (1982).

**B.    Waiver of § 2255 Rights**

The Court need not address whether Armenta-Marquez has procedurally defaulted his claims by failing to appeal, nor will the Court reach the merits of his claims. Rather, the Court concludes that Armenta-Marquez's motion fails in its entirety because he waived his right to file any § 2255 motion. United States v. Wilkes, 20 F.3d 651 (5th Cir. 1994)(enforcing defendant's voluntary and knowing waiver of § 2255 rights); United States v. McKinney, __ F.3d __, 2005 WL 887153 (5th Cir. 2005)(enforcing, post-Booker, a waiver of appeal rights that was signed prior to the issuance of Booker). Nowhere in his motion does Armenta-Marquez challenge the validity of the waiver itself, nor does he challenge his counsel's advice related to his plea or the waiver. See, e.g., United States v. White, 307 F.3d 336, 343-44 (5th Cir. 2002)(an ineffective assistance claim survives such a waiver "only when the claimed assistance directly affected the validity of that waiver or the plea itself").[2]

It is clear from the rearraignment recording that Armenta-Marquez understood that he was waiving his right both to appeal (except under certain circumstances) and to file any § 2255 motions. His statements under oath are entitled to a strong presumption of truthfulness. United States v. Lampaziane, 251 F.3d 519, 524 (5th Cir. 2001) (citing Blackledge v. Allison, 431 U.S. 63, 74, 97 S. Ct. 1621, 1629 (1977)); Wilkes, 20 F.3d at 653 (citing Blackledge for same proposition). Indeed,

---

[2] Marquez does not assert an ineffective assistance of counsel claim on any ground.

the Fifth Circuit affords "great weight to the defendant's statements at the plea colloquy." United States v. Cothran, 302 F.3d 279, 283-84 (5th Cir. 2002).

In sum, the Court concludes that Armenta-Marquez's waiver of his right to file a § 2255 motion is valid and enforceable. His motion is not properly before the Court and is therefore DISMISSED.[3]

## C.  Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253 (c)(1)(A). A COA, however, "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 123 S. Ct. 1029, 1039 (2003). Although Armenta-Marquez has not yet filed a notice of appeal, this Court nonetheless addresses whether he would be entitled to a COA. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (it is appropriate for district court to address *sua sponte* issue of whether a COA should be granted or denied, even before one is requested).

---

[3] Even if he had not waived his right to file a § 2255 motion, Armenta-Marquez's motion would be subject to dismissal for its failure to state a valid claim for relief. That is, this Court has held on numerous occasions that Booker does not apply retroactively on initial collateral review, a holding consistent with every federal circuit court of appeals to have addressed the issue. See McReynolds v. United States, 397 F.3d 479 (7th Cir. 2005)(concluding that Booker states a new non-watershed procedural rule and does not apply retroactively to criminal cases final before its release); United States v. Humphress, 398 F.3d 855 (6th Cir. 2005)(same); Varela v. United States, 400 F. 3d. 864 (11th Cir. 2005)(same); Guzman v. United States, __ F.3d __, 2005 WL 803214 (2d Cir. April 8, 2005)(same). Cf. United States v. Price, 400 F.3d 844 (10th Cir. 2005)(rejecting a § 2255 movant's argument that Blakely applies retroactively and utilizing reasoning that would be equally applicable to Booker). Thus, defendants whose convictions became final before January 12, 2005, like Armenta-Marquez, are not entitled to relief under Booker.

To warrant a grant of the certificate as to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (emphasis added); see also United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (applying Slack to COA determination in context of § 2255 proceedings). It is unnecessary for the Court to decide whether Armenta-Marquez has stated a valid claim for relief, because he cannot establish the second Slack criterion. That is, reasonable jurists could not disagree that his waiver bars his motion. Accordingly, he is not entitled to a COA.

## IV. CONCLUSION

For the above-stated reasons, Armenta-Marquez's motion under 28 U.S.C. § 2255 (D.E.19) is DISMISSED. The Court also DENIES him a Certificate of Appealability.

Finally, because Armenta-Marquez's motion is being construed as a motion pursuant to 28 U.S.C. § 2255, the Clerk is hereby directed, for statistical and administrative purposes, to: 1) open a new civil action as related to Armenta-Marquez's § 2255 motion; 2) docket both his motion (D.E. 19) and this Order in the civil case; and 3) to close the civil case on the basis of this order.

ORDERED this 14th day of May, 2005.

JANIS GRAHAM JACK
UNITED STATES DISTRICT JUDGE