IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, § | | |
| Plaintiff-Respondent, § | | |
| § | | |
| v. § | Cr. No. C-03-268(1) | |
| § | C.A. No. C-05-249 | |
| RIVALDO ARMENTA-MARQUEZ § | | |
| Defendant-Movant. § | | |

### ORDER DENYING MOTION TO PROCEED *IN FORMA PAUPERIS*

Judgment in Defendant Rivaldo Armenta-Marquez's criminal case was entered on February 17, 2004. (D.E. 15). Armenta-Marquez did not appeal. Subsequent to the entry of judgment, he filed a motion for downward departure based on alien status, which was denied by the Court in an order entered January 28, 2005. (D.E. 16, 17). On February 7, 2005, the Clerk reeived from Armenta-Marquez both a notice of appeal and a motion styled as a "Motion for Relief Based on the New Mandate and Holding of the Honorable U.S. Supreme Court." (D.E. 19, 20). His notice of appeal does not specify what order he is appealing, but presumably he wanted to appeal the Court's denial of his motion for downward departure.

As to his motion for relief, the Court first advised Armenta-Marquez of the consequences of recharacterization and gave him an opportunity to supplement or withdraw his motion. In an order signed contemporaneously with this order, the Court construed his motion as one pursuant to 28 U.S.C. § 2255, and denied it.

On March 25, 2005, Armenta-Marquez filed a motion to proceed *in forma pauperis*. Again, his motion does not specify whether he is seeking such status on appeal or in his § 2255 proceedings. (D.E. 26). That motion is addressed herein.

1

To the extent that Armenta-Marquez seeks leave to proceed in this Court *in forma pauperis* in his § 2255 proceedings, his motion is unnecessary. For purposes of filing fees, a motion filed under 28 U.S.C. § 2255 is essentially a continuation of the defendant's criminal case. See United States v. Cole, 101 F.3d 1076 (5th Cir. 1996) (characterizing § 2255 motions and indicating that it was not a civil action for purposes of the Prison Litigation Reform Act). In this district, no filing fee is required to file such a motion. Accordingly, there is no need for *in forma pauperis* status. Thus, to the extent he seeks *in forma pauperis* status for § 2255 purposes, his motion is DENIED.

To the extent he seeks *in forma pauperis* status to proceed on appeal, the Court notes that his appeal was dismissed on March 28, 2005 for failure to pay the docketing fee and for failure to order the transcript and make financial arrangements with the court reporter. Thus, he currently has no appeal pending. The Court recognizes, however, that he filed his *ifp* motion several days before the appeal was dismissed, and that, if granted leave to proceed on appeal *in forma pauperis*, he could at least move to reinstate the appeal.

Accordingly, the Court addresses his *ifp* motion on its merits. In his motion and supporting affidavit, Armenta-Marquez avers that he does not have sufficient funds to pay the appeallate docketing fee of $255. The information provided by the institution where he is incarcerated indicates, however, that he has received deposits of "family aid" of more than $2,000 in the six months preceding his application, and that his current account balance is $128.99. The large amount of deposits to his account support a finding that he could pay the $255 filing fee without undue hardship. Accordingly, Armenta-Marquez's motion to proceed *in forma pauperis* is DENIED.

Armenta-Marquez is advised that he may nonetheless file a motion in the Court of Appeals to proceed on appeal *in forma pauperis* within 30 days after service of this Order. <u>See</u> Fed. R. App. P. 24(a)(5).

Ordered this ____14th____ day of May, 2005.

JANIS GRAHAM JACK
UNITED STATES DISTRICT JUDGE